■ MARY ROBBINS, Appellant, v ARNOLD ROBBINS, Respondent. — Appeal by petitioner from an order of the Supreme Court, Nassau County (Burke, J.), dated September 30, 1980, which, upon granting respondent's cross motion to direct that the controversies be determined by arbitration in accordance with the parties' separation agreement, dismissed her motion to punish respondent for contempt and for a wage deduction order based upon respondent's failure to pay alimony and child support. Order reversed, with $50 costs and disbursements, the cross motion is denied and the case is remitted to Special Term for a hearing on petitioner's motion to hold respondent in contempt and for a wage deduction order. If petitioner be so advised, she may then make an application to determine the amount of arrears. In about April, 1980 petitioner commenced a proceeding in the Family Court, Nassau County, to collect arrears due under a judgment of divorce. Respondent cross-petitioned for a downward modification of alimony and child support, but did not dispute the amount of arrears due. The court dismissed both petitions without prejudice, stating that the parties must first submit their controversies to arbitration in accordance with their separation agreement. On July 9, 1980 petitioner applied to the Supreme Court, Nassau County, to punish respondent for contempt for failure to pay alimony and child support pursuant to the divorce judgment. In addition, petitioner sought a wage deduction order pursuant to section 49-b of the Personal Property Law. Respondent cross-moved to stay petitioner's application and to direct that the matter be referred to arbitration. Special Term granted the cross motion to compel the parties to proceed to arbitration and dismissed petitioner's contempt application without reaching the merits. Special Term should not have granted the cross motion. The parties' separation agreement contains an arbitration clause requiring "[a]ny claim, dispute, or

misunderstanding arising out of or in connection with this agreement" to be arbitrated in a *particular* manner. Two earlier clauses in the agreement provide for arbitration in the event of disputes relating to custody and alimony tax consequences, and specifically refer to the paraphrased clause as setting forth the procedure. Hence, the arbitration provision is clearly not general (see *Bowmer v Bowmer,* 50 NY2d 288), and nowhere in the agreement is there a clause directing arbitration of the disputes in question. Accordingly, since we are denying the cross motion, we remit the matter to Special Term for a hearing on petitioner's application to hold respondent in contempt and for a wage deduction order. Gulotta, J. P., Cohalan, O'Connor and Thompson, JJ., concur.